IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAUL VILLALONA
 a/k/a Felix Rosado

v.              CA. No. 03-527-ML

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER

Raul Villalona a/k/a Felix Rosado (hereinafter "Villalona") has filed a motion under Fed. R. Civ. P. 60(b) to reconsider the denial of his previous motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 in the above matter.[1] He invokes Rule 60(b) of the Federal Rule of Criminal Procedure and asserts that the Court's denial was erroneous, requiring that the §2255 Judgment be vacated in order to consider his claims of ineffective assistance of counsel and prosecutorial misconduct. The Government has opposed the motion.

I.   BACKGROUND AND TRAVEL

In 2002 Villalona pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. He was sentenced to 188 months imprisonment, followed by five years of supervised release. Villalona did not appeal his conviction or sentence.

In November 2003, Villalona filed his § 2255 motion to vacate (Doc. #1), asserting (1) that 28 U.S.C. § 5032, a federal statute governing proceedings against juveniles, deprived this Court of jurisdiction over his case; (2) that his counsel was ineffective in failing to challenge this; and (3)

---

[1] The ruling denying the 2255 motion was captioned in the name of 'Felix Rosado a/k/a Raul Villalona' and used the name Rosado throughout. See Decision and Order entered on January 13, 2005 ["1/13/05 Decis."] (Doc. #11). The papers in the underlying criminal case (CR 01-120-T) also referred to the defendant using both names. This Court will herein refer to the movant as Villolona, the name he uses in the instant motion.

that he was the victim of prosecutorial misconduct. The Court rejected all arguments and denied the motion. See 1/13/05 Decis. at 3-5.[2]

II.   DISCUSSION

Villalona's Rule 60(b) motion clearly constitutes a second or successive § 2255 motion and must be denied. The law regarding the use of Rule 60(b) motions in postconviction proceedings is well-established:

> [A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [Citation omitted.] If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)." [Citation omitted.]

Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003), quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to judgment on §2254 petition). See also Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (holding, in §2254 context, that only when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," should it be considered a Rule 60(b) motion and not a successive habeas petition).

Here, the claims asserted in Villalona's rule 60(b) motion -- (1) that his arrest was allegedly based on hearsay evidence rather than a sworn complaint and therefore his counsel was ineffective in permitting him to plead to charges based on the indictment; and (2) prosecutorial misconduct based on the Government's alleged failure to obtain probable cause or sufficient proof for his arrest warrant -- both clearly challenge his underlying conviction rather than any procedural irregularity

---

[2]   The underlying plea and sentencing proceedings were conducted before Judge Ernest Torres, who also ruled on Villalona's initial motion to vacate. In July 2011 this matter was reassigned to the undersigned for further proceedings.

in the §2255 proceeding.[3]

Villalona's attempt to avoid this result by arguing that his motion does not seek to vacate his conviction or invalidate his plea agreement but only to vacate the §2255 ruling as erroneous (see Reply [Doc. #15] at 1-3) is frivolous. As he himself acknowledges, the thrust of both claims is to ultimately do just that.[4] In short, the instant motion constitutes an attempt by Villalona to reopen the §2255 judgment in order to introduce new or "better" arguments -- a result that the gatekeeping provisions of §2243(b)(3) are designed to prevent, absent circuit authorization.

Because the instant motion constitutes a second and successive § 2255 motion to vacate, Villalona must "obtain from 'the appropriate court of appeals . . . an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. §2255[h])." Munoz, 331 F.3d at 153 (citing Rainieri v. United States, 233 F.3d 96, 99 (1st Cir. 2000)). There is nothing in the record to indicate that Villalona has obtained such authorization from the First Circuit pursuant to § 2255(h) and § 2244(b)(3). Absent such authorization, this Court is without jurisdiction to consider the motion. See id.

III. CONCLUSION

Villalona's filing of the instant rule 60(b) motion, some six years after the denial of his original §2255 motion, in lieu of requesting the necessary certification by the Court of Appeals under 28 U.S.C. §2244(b)(3) constitutes an impermissible "end-run" around the gatekeeping requirements of the statute. See United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999).

---

[3] In view of the disposition herein, this Court need not address the merits of Villalona's claims. The Court nonetheless notes that both claims lack merit, as the record shows that the charges to which Villalona pled were based on a properly obtained indictment issued by a grand jury.

[4] In his Reply Villalona states that the instant Rule 60(b) motion "is undoubtedly a step on the road to the ultimate objective of invalidating the plea agreement" and that if successful, it would "reinstate the previously dismissed petition for habeas [motion to vacate], opening the way for further proceedings seeking ultimately to vacate the plea agreement." (Reply at 2.)

Accordingly, the motion must be dismissed.[5]

### RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Villalona has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Villalona is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

IT IS SO ORDERED:

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
Dated: September 12, 2011

---

[5] This Court is cognizant that the instant matter may alternatively be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for possible authorization as a second and successive §2255 motion. See Barrett, 178 F.3d at 41 n. 1 (noting that while several circuits *require* transfer in such situations, the First Circuit has yet to implement such a blanket mandate). Here, the Court finds that dismissal of the instant Rule 60(b) motion to reconsider is warranted, as the motion, filed more than six years after the ruling it challenges, constitutes a clear violation of the procedural requirements of AEDPA for postconviction filings.